UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED ABDULLAH MOHAMMED BA ODAH and TARIQ ALI ABDULLAH BA ODAH<br><br>Petitioners,<br><br>v.<br><br>GEORGE W. BUSH, et al.,<br><br>Defendants. | Civil Action 06-01668 (HHK) |

**ORDER**

Petitioners are Yemeni nationals who are being detained by the U.S. military at Guantánamo Bay Naval Base and have filed habeas corpus petitions challenging the legality of their detention. Before the court are Petitioners' motions to stay and abey their habeas corpus motions [#7], pending resolution of the appeals in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) (concluding that the district court no longer had jurisdiction over petitions for habeas corpus brought by those detained by U.S. military at Guantanamo pursuant to the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA")).

On June 29, 2007, the Supreme Court granted certiorari in *Boumediene*. *See* 75 U.S.L.W. 3707 (June 29, 2007). On July 26, 2007, the D.C. Circuit granted petitioners' motion to recall the mandate in *Boumediene* pending the Supreme Court's review of that decision. *See Boumediene*, No. 05-5062 (D.C. Cir. July 26, 2007) (order granting motion and recalling the mandate).

Petitioners seek an order staying their petitions in light of the pending review in *Boumediene*. The Government contends, *inter alia*, that *Boumediene* and the MCA deprive this court of jurisdiction over such motions.[1]

In light of the recall of the mandate in *Boumediene*, and upon consideration of the motion, the opposition thereto, and the record in this case, it is this 28th day of July, 2007, hereby

**ORDERED** that Petitioners' motion to stay and abey this case [#7] is **GRANTED** and all matters in the above-captioned action are **STAYED** pending resolution of the Supreme Court's review of *Boumediene*.[2]

Henry H. Kennedy, Jr.<br>
United States District Judge

---

[1] The D.C. Circuit, however, has denied motions to vacate a district court's 30 days' notice of transfer orders and has confirmed that district courts may "consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court." *See Al Ginco v. Bush*, 06-5191 (D.C. Cir. June 7, 2007).

[2] Petitioners have also requested, in the alternative, that the court transfer this case to the D.C. Circuit in the event that the Supreme Court determines that the district court lacks jurisdiction. As that issue is still pending, the court declines to rule on that motion at this time.